FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 25, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANCISCO VALENCIA MAGANA, JR.,<br><br>         Plaintiff,<br><br>    v.<br><br>YAKIMA COUNTY SHERIFF ROBERT UDELL; and DEPUTY J. HINZE,<br><br>         Defendants. | No. 1:23-CV-03041-SAB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN PART; REMANDING CASE** |

Before the Court is Yakima County Defendants' Motion for Summary Judgment, ECF No. 17. Plaintiff is represented by Douglas K. Garrison. Defendants are represented by Amanda C. Bley and Matthew Sonneby. The motion was considered without oral argument.

Plaintiff alleges negligence, outrage, and intentional infliction of emotional distress against Deputy Hinze. It is unclear which Defendant(s) Plaintiff alleges their 42 U.S.C. § 1983 claims against. The Court construes the Complaint to allege that both remaining Defendants (Deputy Hinze and Sheriff Udell) violated Plaintiff's federal civil and constitutional rights pursuant to 42 U.S.C. § 1983. Upon review of the briefing and relevant case law, the Court grants Defendants' motion for summary judgment in part and remands the remaining state-law claims to the Yakima County Superior Court.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN PART; REMANDING CASE** # 1

**Procedural History**

Defendant removed the above-mentioned matter to the Eastern District of Washington on March 16, 2023, ECF No. 1. On June 6, 2023, this Court granted Defendants' Motion to Dismiss, ECF No. 15, which dismissed all claims against the Yakima County Sheriff's Office, unnamed Agents, Employees, and Deputies, and dismissed a claim alleging a violation of the Washington State Constitution. Defendants filed the present Motion for Summary Judgment on November 13, 2023, ECF No. 17. Defendants did not respond, and appears to have abandoned the case to the Court.

**Facts**

The following facts are from Defendants' Statement of Material Facts, ECF No. 18. These facts were not disputed by Plaintiff and are assumed as true.

This matter concerns Plaintiff's arrest on March 18, 2022. Plaintiff alleges he was wrongfully arrested in violation of state law and his federal constitutional civil rights because he was only arrested on an outstanding warrant and that warrant had been quashed. Plaintiff alleges he was booked into jail and released approximately seven hours later. Plaintiff claims damages in the amount of his loss of seven hours, towing expenses of $510.54, erroneous placement on the "Crime Stoppers" public media forum, loss of his employment, and a bail cost of $1,600.

On March 18, 2022, Yakima County Sheriff's Deputy Jared Hinze ("Deputy Hinze") stopped a vehicle for traveling 15 m.p.h. over the posted speed limit. When contacted by law enforcement, the driver who was identified as Plaintiff, acknowledged his speeding. Upon routine checks, Deputy Hinze discovered that Plaintiff was driving with a suspended license and had an outstanding warrant. The Yakima County Sheriff's Office Dispatch confirmed the warrant and Deputy Hinze arrested Plaintiff.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN PART; REMANDING CASE # 2**

Deputy Hinze authored a Declaration of Probable Cause and the Yakima County Prosecutor's Office and charged Plaintiff with second degree driving while license suspended or revoked pursuant to RCW 46.20.342(1)(b). It was discovered after Plaintiff's arrest, that the pending arrest warrant was quashed and this was unknown to Deputy Hinze at the time of arrest. Deputy Hinze was not involved in Plaintiff's prosecution or the Court's subsequent decisions regarding bail. Sheriff Udell was not involved in any aspect of Plaintiff's arrest or subsequent filing of criminal charges.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN PART; REMANDING CASE # 3**

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## Analysis

A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights. *Monell v. N.Y. City Dep. Of Soc. Svcs.*, 436 U.S. 658, 694 (1978). To establish liability for governmental entities under *Monell*, Plaintiff must prove that: (1) [Plaintiff] had a constitutional right of which [they] were deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [Plaintiff's] constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

"Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes "proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824, 105 S. Ct. 2427, 2436, 85 L. Ed. 2d 791 (1985). In the absence of an existing unconstitutional municipal policy, "considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the "policy: and the constitutional deprivation." *Id*.

Here, this matter concerns a single incident and Plaintiff failed to identify a policy or custom of Yakima County that caused his alleged constitutional violation.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN PART; REMANDING CASE # 4**

For a *Monell* claim concerning a failure to train or supervise, Plaintiff must establish failure to train or adequately supervise "amounting to deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). There must be evidence that supports a widespread practice of the municipality that results in repeated constitutional violations to show the required deliberate indifference. *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011). Here, Plaintiff failed to prove any widespread practice of a failure to train.

Furthermore, Plaintiff alleges causes of action to specific defendants in their other allegations, but not in their 42 U.S.C. § 1983 allegations. It is unclear to the Court who these allegations are against. The allegations are unclear and, by not responding to this dispositive motion, Plaintiff has offered no clarity. Consequently, all claims based on 42 U.S.C. § 1983 are dismissed with prejudice.

**Plaintiff's State Tort Claims are Remanded to State Court**

The Court declines to exercise supplemental jurisdiction over the remaining state-law tort claims of negligence, intentional infliction of emotional distress, and outrage.

Plaintiff's apparent abandonment of this case concerns the Court. Plaintiff chose to bring this case in state court and Defendants did their due diligence in removing the case to federal court and responding in earnest. This Court encourages Plaintiff and Plaintiff's counsel to participate in this lawsuit.

//
//
//
//
//
//

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN PART; REMANDING CASE # 5**

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment, ECF No. 17, is **GRANTED** as to Plaintiff's 42 U.S.C. § 1983 claims.

2. Plaintiff's 42 U.S.C. § 1983 claims against Defendants are **DISMISSED with prejudice**.

3. Plaintiff's Complaint is **REMANDED** to the Yakima County Superior Court (former Yakima County Superior Court Case No. 23-2-00347-39).

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **close** the file.

**DATED** this 25th day of January 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN PART; REMANDING CASE** # 6